IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY W. THOMAS, | § | |
| | § | No. 96, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1403008516 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 16, 2018
Decided: February 12 2019

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

### O R D E R

(1)    The appellant, Jeffrey W. Thomas, has appealed the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61. After careful consideration of the parties' briefs and the record, we affirm the Superior Court's judgment.

(2)    In May 2014, Thomas and his co-defendant, Monica Heath, were indicted on charges arising from the burglary of an apartment in Dover. In July 2014, Heath pleaded guilty to three charges and was sentenced.[1]

---

[1] *See* docket at 8, *State v. Heath*, Del. Super., Cr. ID No. 1403007159 (July 2, 2014) (entering guilty plea and sentencing).

(3) Thomas proceeded to trial in 2015 and was convicted of second-degree burglary, theft of a motor vehicle, second-degree conspiracy, and misdemeanor theft. At sentencing, Thomas was declared a habitual offender and was sentenced to a total of twenty-two years of Level V imprisonment suspended after twenty-one years for six months of Level IV work release and six months of Level III probation. On direct appeal, we affirmed Thomas' convictions and sentence under Supreme Court Rule 26(c).[2]

(4) On direct appeal, Thomas claimed, in part, that the Superior Court erred in failing to give an accomplice liability jury instruction and when overruling his trial counsel's objections to a police detective's testimony describing self-incriminating statements made by Thomas to the detective during a recorded interview. We considered those claims—and others made by Thomas—and concluded that the claims were without merit.[3]

(5) In June 2016, Thomas filed a motion and an amended motion for postconviction relief ("Postconviction Motion") and a motion for appointment of counsel. By order dated August 8, 2016, the Superior Court denied the motion for appointment of counsel. The Superior Court referred the Postconviction Motion to a Commissioner for a report and recommendation.

---

[2] *Thomas v. State*, 2015 WL 9265084 (Del. Dec. 17, 2015).
[3] *Id.*

(6)     After considering the Postconviction Motion, affidavits filed by Thomas' trial counsel in response to the allegations of ineffective assistance of counsel, the State's response to the Postconviction Motion, and Thomas' reply to the State's response, the Commissioner issued a report on October 11, 2017, recommending that the Postconviction Motion should be denied.[4]     The Commissioner found that Thomas' ineffective assistance of counsel claim was without merit because it was based, in part, on claims that were adjudicated on direct appeal.  Also, the Commissioner found that Thomas had not demonstrated that he was prejudiced by any of the alleged deficiencies of his trial counsel.  By order dated January 30, 2018, upon a *de novo* review of the record, the Superior Court adopted the Commissioner's report and recommendation and denied the Postconviction Motion.

(7)     In his appeal from the denial of his Postconviction Motion, Thomas contends that he had a right to the appointment of counsel to pursue postconviction relief, and that the denial of his motion for appointment of counsel was an abuse of discretion.  Thomas' contentions are without merit.

(8)     Rule 61(e) governs the appointment of counsel for an indigent movant's first motion for postconviction relief.  Under the rule, the appointment of counsel is

---

[4] *State v. Thomas*, 2017 WL 8791113 (Del. Super. Comm'r Oct. 11, 2017).

required if the postconviction motion and the motion for appointment of counsel are timely and properly filed and the movant seeks to set aside "a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony."[5] For a lesser-designated crime, the appointment of counsel is not required, but counsel may be appointed if the judge determines, among other things, that "the motion sets forth a substantial claim that the movant received ineffective assistance of trial or appellate counsel."[6] A substantial claim of ineffective assistance of counsel is one that has some possibility of merit.

(9) Thomas was not entitled to the appointment of counsel under Rule 61(e) because he was not convicted of a class A, B, or C felony.[7] The Superior Court denied Thomas' motion for appointment of counsel after determining that he did not set forth a substantial claim of ineffective assistance of counsel. On appeal, we agree with that determination.

(10) Thomas' ineffective assistance of counsel claim was based on his trial counsel's failure to request an accomplice liability jury instruction, to object to the admission of the police detective's testimony, and to subpoena Heath to testify at

---

[5] Del. Super. Ct. Crim. R. 61(e)(2).
[6] R. 61(e)(4).
[7] Second-degree burglary is a class D felony. 11 *Del. C.* § 825. Theft of a motor vehicle and second-degree conspiracy are class G felonies. 11 *Del. C.* §§ 841A, 512.

Thomas' trial. None of the allegations sets forth a substantial claim of ineffective assistance of counsel.

(11) Trial counsel averred in sworn affidavits that he did not subpoena Heath as a witness because he believed that her testimony would hurt the defense, which focused on Thomas' lack of knowledge, involvement, and participation in the charged offenses. A decision made in pursuit of reasonable trial strategy does not constitute ineffective assistance of counsel.[8]

(12) Thomas raised the detective's testimony and the accomplice liability jury instruction as issues on direct appeal without success. Having failed to prevail on the merit of the claims on direct appeal, Thomas cannot succeed on the claims now by framing them as grounds for ineffective assistance of counsel.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[8] *Allison v. State*, 2010 WL 3733919 (Sep. 24, 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).